[L. A. No. 15296.   In Bank.—October 29, 1935.]

JOHN H. MYERS, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

D. G. Donahue for Petitioner.

Philbrick McCoy for Respondent.

WASTE, C. J.—It is recommended to this court by the respondent State Bar that petitioner, an attorney-at-law, be suspended from practice for a period of three months because of the alleged violation of his oath and duties as an attorney. Specifically, it is found that petitioner withheld certain facts material to his employment by and services for a client and that he attempted to collect an unconscionable fee for such services. This proceeding was instituted by petitioner to review the action so taken against him.

It appears that in November, 1933, one Eugenio Vasquez entered a plea of guilty to a charge of violating the State Narcotic Act. Under the judgment of the court, Vasquez was given the alternative of serving three years in the county jail or serving said three years on probation in the Republic of Mexico, of which country he was a native. The sentence, including the terms of probation, was announced in open court in the presence of Vasquez, his then counsel (a deputy public defender of Los Angeles County), and an interpreter. After Vasquez had served approximately six months of the sentence in the county jail, his wife called at petitioner's office to enlist his aid in procuring the release of her husband. Petitioner thereupon visited Vasquez in the county jail with a view to going over the matter with him. Following two or three interviews with Vasquez and a checking of the criminal record, petitioner moved the trial court for a modification of the probation terms so as to permit Vasquez to serve the probationary period in Los Angeles County or at a road camp. Upon the denial of such motion, petitioner, in accordance with the provisions of the court's order entered against Vasquez,

procured the latter's release upon his promise to return to Mexico. Petitioner thereupon advanced Vasquez approximately six dollars to defray his transportation costs and personally saw to it that he departed in compliance with the terms of his probation.

The case against petitioner is founded, principally, upon the testimony of Vasquez, taken by deposition, to the effect that in his early interviews with petitioner the latter did not inform him that in order to procure his release from the county jail it was merely necessary that he agree to go to Mexico, but that, instead, petitioner, without mentioning this fact, undertook to procure his release for an agreed fee of fifty dollars.

Petitioner, on the other hand, testified that when the wife of Vasquez came to see him about the release of her husband she stated that they were without money but would deed certain real property of little value to him as security for his fee, which he told her he could not then fix definitely until he looked into the matter, that he then spent several days interviewing Vasquez, on one of which days he informed Vasquez that he would undertake to procure his release for a fee of one hundred and fifty dollars; that this amount was agreed on between them and the deed above referred to executed as security therefor; that in the course of handling the matter he examined the pertinent records and, having made an unsuccessful attempt to have the trial judge modify the terms of the probation offer so as to permit of its service in this state or at a road camp, procured the release of Vasquez under the order as originally made; that he advanced Vasquez the necessary transportation costs of six dollars; and that to date he had received only ten dollars in payment of his fee—an obvious cash profit to him of four dollars.

It is immediately apparent that the testimony, as is usual, is conflicting in many essential details. Without attempting to weigh the evidence, a prerogative reserved to us in proceedings of this character, we do not hesitate to say that it is difficult to accept the finding that petitioner "failed to disclose the true terms of the probation to Vasquez and, thereby, misled him", when it is considered, as already stated, that the terms of probation were stated in open court upon the pronouncement of judgment against him in his presence and in the presence of his then counsel and an interpreter. If, in

fact, petitioner, upon his employment, did not repeat the terms thereof to Vasquez, it might well and reasonably have been assumed to be unnecessary under the circumstances.

However, and aside from this, we are not satisfied that a contract for a fee of one hundred and fifty dollars for the services performed, including the unsuccessful effort to procure a modification of the terms of probation, is so unconscionable, under all of the circumstances, as to warrant disciplinary action against petitioner. The rule announced in *Goldstone* v. *State Bar*, 214 Cal. 490 [6 Pac. (2d) 513, 80 A. L. R. 701], is not applicable here.

The proceeding against petitioner is dismissed.

Langdon, J., Curtis, J., Thompson, J., and Seawell, J., concurred.

CONREY, J., Dissenting.—I dissent.

The case against petitioner is one wherein it appears that in his relation of attorney-at-law he exacted (and took security for) a promise to pay a fee of $150, which was an exorbitant fee to charge against "a client admittedly of limited means for a most trivial service". (*Goldstone* v. *State Bar*, 214 Cal. 490, 498 [6 Pac. (2d) 513, 80 A. L. R. 701].) If we eliminate from petitioner's description of the work done by him, that part which was shiftless and unnecessary ("made work"), the remainder is very small indeed. Moreover, the evidence justifies the conclusion that petitioner knowingly misled his client by failure to disclose facts which the client was entitled to know.

Petitioner has not sustained the burden of showing that the bar committee's findings are against the clear weight of the evidence. For that reason I hesitate to agree to an order which in effect reverses the decision of the Board of Governors of The State Bar.

Shenk, J., concurred.